JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Steven Nagle ("appellant") appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} According to the case, appellant was indicted in a one-count indictment for the felonious assault of Vincent Malatesta, in violation of R.C. 2903.11. Appellant was arraigned on November 21, 2003. On February 12, 2004, appellant entered a plea of guilty to the single charge of felonious assault. On February 17, 2004, appellant was sentenced to seven years incarceration for a second-degree felony with a sentencing range of two to eight years. No presentence report was ordered by the court.
 {¶ 3} Appellant appeared before the trial court on February 17, 2004 with his co-defendant, Mr. Rodriguez (who had pled guilty to a third-degree felony). The state produced three individuals who spoke to the court at the sentencing. Prior to imposing sentence, the court made sentencing findings on the record. The court found that appellant was the primary aggressor and cited the serious injuries to the victim and the egregious facts of the case. The court also cited appellant's prior juvenile adjudications, including offenses of violence, which resulted in a commitment to the Youth Development Center.
 {¶ 4} According to the facts, the victim, Vincent Malatesta, and his wife were walking home from a party on September 20, 2003 at 11:30 p.m. A car passed the victim and some heated words were exchanged. The car was driven by appellant's girlfriend, with appellant and a co-defendant as passengers. The car stopped and appellant and co-defendant Christopher Rodriguez exited the vehicle. A fight ensued, and Mr. Malatesta ended up in the intensive care unit of the hospital for one day and remained in the general care of the hospital for three more days. In addition, Mrs. Malatesta suffered a concussion, multiple lacerations and contusions. This appeal now follows.
 II. {¶ 5} Appellant's first assignment of error states the following: "The court committed an abuse of discretion and reversible error in sentencing the defendant to seven (7) years in prison."
 {¶ 6} R.C. 2929.12(C) states the following:
"(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
"(1) The victim induced or facilitated the offense.
"(2) In committing the offense, the offender acted under strong provocation.
"(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
"(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
 {¶ 7} Appellant argues that the trial court did not consider R.C. 2929.12(C) mitigating sentencing factors on the record. However, a court is under no requirement to make findings as to inapplicable sentencing factors on the record.
 {¶ 8} Failure to consider the sentencing statutory criteria constitutes an abuse of discretion, but when the sentence imposed is within the statutory limit, a reviewing court will presume that the trial judge followed the standards set forth in R.C.2929.22, absent a showing to the contrary. Therefore, when a defendant's sentence is within the statutory limits, the burden is on defendant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria. State v. Carty (Nov. 2, 2000), Cuyahoga App. No. 77520.
 {¶ 9} Failure of the sentencing court to allude to any of the factors set forth in R.C. 2929.22 or 2929.12 alone does not rebut the presumption that the trial court considered these sentencing criteria. Id. In the case sub judice, appellant argues that the trial court failed to consider R.C. 2929.12(C)(1) and (2) on the record. We do not find this argument to have merit. The lower court stated, "And whether or not he made an egregious comment is irrelevant. He made a comment that you didn't like, so you and your friend just beat him relentlessly, randomly and with no history whatsoever."[1] The lower court's comments demonstrate that the trial court did weigh the victim's comments as a provoking factor and found these comments to be irrelevant in light of the severity of the beating. The trial court found that the victim's actions were not adequate provocation for the offense charge. Therefore, appellant's assignment of error is overruled.
 III. {¶ 10} Appellant's second assignment of error states the following: "Blakely v. Washington dictates that the only allowable sentence is the minimum (i.e., two (2) years)."
 {¶ 11} Appellant's argument that his nonminimum sentence violates the United States Supreme Court's decision in Blakelyv. Washington[2] has been addressed in this court's en banc decision of State v. Atkins-Boozer.[3] InAtkins-Boozer, we held that R.C. 2929.14(B), which governs the imposition of the nonminimum sentences, does not implicate the Sixth Amendment as construed in Blakely. Accordingly, in conformity with that opinion, we reject appellant's contentions and overrule appellant's second assigned error.
 {¶ 12} Appellant's third assignment of error states the following: "Steven Nagle was denied effective assistance of counsel."
 {¶ 13} Ineffective-assistance claims are governed by a two-part test. The defendant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) resulting prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different. See Strickland v.Washington (1984), 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052;Williams v. Taylor (2000), 529 U.S. 362, 390-391,120 S.Ct. 1495; State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus. In evaluating defense counsel's performance, a reviewing court initially presumes that duly licensed counsel performed competently. State v. Lytle (1976),48 Ohio St.2d 391, 397.
 {¶ 14} Appellant argues in his brief that the record is weak, and defense counsel failed to adequately argue the victim's conduct as a mitigating factor. However, as previously mentioned, the lower court did address appellant's actions and concluded that the victim's comments were irrelevant in light of the severity of the beating. In addition, appellant failed to put forth any relevant evidence in his brief supporting his contention that his attorney's actions fell below an objective standard of reasonable representation and resulting prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different.
 {¶ 15} Accordingly, appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., concurs; Christine T. McMonagle, J., concurs injudgment only.
[1] See Tr. 47.
[2] (2004), 124 S.Ct. 2531, 159 L.Ed.2d 403.
[3] (May 31, 2005), Cuyahoga App. No. 84151.